(Kupfebmaft, J.,
dissenting.)
In Winter v. Winter (39 A D 2d 69 [1st Dept., 1972]) that court affirmed the trial court’s holding denying the wife reimbursement of $5,000 which had already been paid, which was concluded to be reasonable compensation. Mr. Justice Kupfebmaft, presiding, stated that he joins in the determination under constraint of the precedent established in Kann (supra).
Section 237 of the Domestic Relations Law provides: “ The court may direct the husband, or where an action for annulment is maintained after the death of the husband may direct the person or persons maintaining the action, to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
In the Practice Commentary by Professor David D. Siegel (McKinney’s Cons. Laws of N. Y., Book 14, pp. 286-287) he states: “The section uses the words ‘to enable the wife’ to carry on the litigation, while the counterpart phrase of CPA § 1169 was ‘ necessary to enable the wife.’ It should follow from section 237(a)’s omission of the word ‘necessary’ that the wife’s need of the money for counsel fees, at any point up to final judgment is no longer to be a prerequisite to an award of them (however her need or lack of it may affect the court’s exercise of its omnipresent discretion under section 237[a]). That the wife may have an independent and substantial source of income may effect an exercise of discretion to deny her counsel fees; that she may be able to scrape the money together by taking a job or borrowing may effect an exercise of discretion to grant her counsel fees (i.e., not put her to such burdens to produce the required money herself). (It was expressly the Committee’s aim to reduce ‘necessity’ to only a factor in the exercise of the court’s discretion rather than to let it remain a standard by itself; see Leg. Doc. [1961] No. 19, p. 81.) In either instance the court’s discretion will dictate the answer. Under the broad criteria set forth in the section, each case will necessarily be sui generis.
“Nothing is said in section 237(a) about the wife’s success or failure in the suit, or about her being plaintiff or defendant. Regardless of her position, apparently, and regardless of the outcome, the court’s discretion remains and it alone will determine whether she is to be awarded counsel fees and expenses.”
In an action for separation, the Appellate Division of this Department (Walsh v. Walsh, 22 A D 2d 937, 938) awarded a *1069 counsel fee pendente lite stating: “ The fact that she has an income of her own does not deprive her of a right to a counsel fee pendente lite from her husband (Hirschberg v. Hirschberg, 7 A D 2d 869). Nor does the fact that she may have some personal assets deprive her of the right to such counsel fee where the personal assets are not sufficient to enable her to prosecute the action (Scheideler v. Scheideler, 10 A D 2d 991; Kaiser v. Kaiser, 262 App. Div. 835). Kleinfeld, Acting P. J., Christ, Hill, Babin and Hopkins, JJ., concur.”
In De Gasper v. De Gasper (31 A D 2d 886 [4th Dept., 1969]) the court states: “ In this case, where a husband is suing for divorce, we find no impropriety in the allowance of counsel fees to defendant ”. (Walsh v. Walsh, supra.)
This court in its original decision rendered after careful review of the facts and the law involved, considered and briefly discussed the nature and extent of the services rendered, the necessity therefor, the liability for services rendered resulting in the resolution of novel issues, the reasonable value of ■the services reasonably necessary for the defense of the action and the protection of the wife’s interest, the amount paid and by whom.
The statute provides discretion to the court to direct the husband to pay a .sum to enable the wife to carry on or defend the action, having regard for the circumstances of the case and of the respective parties.
There is nothing sufficiently persuasive in the moving papers or in the cases cited in support of the motiton to create any doubt in the mind of the court with respect to the validity of its decision in fact or in law.
Beargument is granted and upon reargument the court adheres to its original decision.